# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 14-CR-00156-GKF |
| CHIMA COLUMBUS AKOBUNDU, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the court on the "Addendum to Rule 41(g) Motion" [Doc. #64], of defendant Chima Columbus Akobundu. For the reasons set forth below, the motion is denied.

### I. Background

Akobundu is a Nigerian citizen. On February 10, 2016, the court adjudicated Akobundu guilty of wire fraud conspiracy in violation of 18 U.S.C. § 1349; wire fraud in violation of 18 U.S.C. § 1343; and personation of a federal official in violation of 18 U.S.C. § 912. [Doc. #52]. Akobundu was sentenced to sixty months imprisonment and, upon release from prison, a supervised release term of three (3) years. [*Id.*] Upon completion of his term of imprisonment, the special conditions of supervision require Akobundu to surrender to immigration officials for deportation proceedings in accordance with the Immigration and Naturalization Act, 8 U.S.C. §§ 1101-1524. [*Id.*, p. 4].

While incarcerated, Akobundu filed a Motion for Return of Seized Property, in which he sought return of various personal items, including a computer and smart phone, seized by the government at the time of his arrest. [Doc. #59]. The government confessed the motion, and, on

September 21, 2017, the court directed Akobundu to file a document with the court designating the location where he wished his property to be sent. [Doc. #61].

On October 27, 2017, Akobundu filed the subject addendum to his Rule 41(g) motion seeking return of his Nigerian passport, which was also seized by the government at the time of his arrest. [Doc. #64]. Akobundu's passport is currently in the possession of the United States Attorney's Office for the Northern District of Oklahoma. [Doc. #67, p. 1].

In opposition to the motion, the government notes that Akobundu's Nigerian passport expired on September 27, 2017. Further, the passport includes a visa issued by the United States of America, which also expired on October 16, 2014. [*Id.*, p. 1]. Rather than return the passport and visa to Akobundu, the government requests that the passport and visa be placed in the possession of the United States Probation Office for the Northern District of Oklahoma to facilitate Akobundu's deportation after Akobundu's completion of his term of imprisonment. [*Id.*, pp. 2-3].

## II. Analysis

Pursuant to Fed. R. Crim. P. 41(g),

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"'Rule 41([g]) is an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law.'" *U.S. v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (alterations in original) (quoting *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)). "Once criminal proceedings have terminated, 'the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property.'" *United States v. Shigemura*, 664 F.3d 310, 312 (10th

Cir. 2011) (quoting *United States v. Clymore,* 245 F.3d 1195, 1201 (10th Cir. 2001)). "'The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant.'" *Clymore,* 245 F.3d at 1201 (quoting *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999)).

In opposition to Akobundu's motion, the government argues that possession of Akobundu's Nigerian passport, including the visa issued by the United States, should be transferred to the United States Probation Office for the Northern District of Oklahoma to facilitate the deportation and/or prohibit Akobundu's unauthorized departure from the country.

The court is persuaded that the effectuation of Akobundu's deportation following his term of imprisonment is a legitimate reason for the government to retain Akobundu's passport and visa. *See United States v. Vysniauskas*, No. 10-CR-20717, 2016 WL 465492, at *2 (E.D. Mich. Feb. 8, 2016) ("In addition, the Court also concludes that Petitioner's identify [sic] documents (his passports, drivers license, and bank card) should not be returned to him because they will be needed to effect his deportation after the completion of Petitioner's sentence."); *United States v. Beras*, No. 99-CR-75, 2003 WL 21136727, at *2 (S.D.N.Y. May 15, 2003) ("[S]hould [movant] be subject to exclusion proceedings at the end of his prison term, his passport will be necessary at that time to properly effect his deportation. 'Any disposition regarding [movant's] passport must await the result of exclusion proceedings.'") (alterations omitted) (quoting *Esieke v. United States*, No. CV-93-1367, 1993 WL 184153, at *1 (E.D.N.Y. May 19, 1993)); *Berrum v. United States*, No. 01-C-4384, 2003 WL 1869248, at *1 (N.D. Ill. Apr. 9, 2003) ("[Movant] is a deportable alien. Therefore, he is subject to being deported after the completion of his term of incarceration . . . . [Movant] is not entitled to presently have the passport returned to him.").

Thus, the court concludes that the government has satisfied its burden, and Akobundu is not entitled to his expired passport at this time.[1]

**III.     Conclusion**

WHEREFORE, Defendant's Addendum to Rule 41(g) Motion is denied.

The court orders that Akobundu's Nigerian passport, including the visa, should be placed in the possession of the United States Probation Office for the Northern District of Oklahoma until the resolution of Akobundu's deportation proceedings or until such time that the documents are necessary for use in Akobundu's deportation proceedings, at which time Akobundu's Nigerian passport, including the visa, should be delivered to the appropriate governmental authority.

DATED this 17th day of November, 2017.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Further, while not dipositive because the government has demonstrated a legitimate interest, it is doubtful that Akobundu has suffered any irreparable harm due to the government's retention of his Nigerian passport since both the passport and included visa have expired.